cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Felix McElroy,                              )<br>                                                    )<br>                        Petitioner,      )<br>v.                                                 )<br>                                                    )<br>Roy C. Castro, Warden, et al.,      )<br>                                                    )<br>                        Respondents.  )<br>_____ ) | Civil No.06cv1180 L (AJB)<br><br>Order Denying Request for<br>Appointment of Counsel<br>[Doc. No. 37] |

Petitioner, Felix McElroy, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus under § 2254 challenging his January 1, 2004, conviction for multiple counts of armed robbery, false imprisonment by violence, menace, fraud or deceit while armed, and auto theft in San Diego County Superior Court Case No. SCD 174536.  Petitioner has filed a motion seeking the appointment of counsel in this case.  For the reasons set forth below, Petitioner's Motion is DENIED.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners.  *McCleskey v. Zant,* 499 U.S. 467, 495 (1991);  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'"  18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona,* 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona,* 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728; *Abdullah,* 18 F.3d at 573. In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert,* 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970). In making this inquiry, this Court is mindful of the fact that "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 729 (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (*per curiam*)).

The Court has reviewed the petition in this case, as well as the other moving papers filed in response to Respondent's Motion to Dismiss, and finds that they fully set forth both the legal and factual bases upon which Petitioner seeks relief. The issues presented in the instant petition are neither factually nor legally complex. The only argument made by the Petitioner in support of his Motion for Appointment of Counsel is that if an evidentiary hearing is required in this case, that the Court is required to appoint counsel if Petitioner qualifies under 18 U.S.C. § 3006A(g). However, an evidentiary hearing is not required at this point, nor is one likely to be set until after the Court rules on Respondents' Motion to Dismiss. As such, the Petitioner has not shown that the interests of justice would require the appointment of counsel at this point in the proceedings since Petitioner has thus far adequately briefed his case. ///

///

///

///

1  Therefore, Petitioner's motion for appointment of counsel is DENIED without prejudice.
2      IT IS SO ORDERED.
3
4  DATED: October 17, 2007
5
                                            _____
6                                           Hon. Anthony J. Battaglia
                                            U.S. Magistrate Judge
                                            United States District Court